Filed 2/11/16  P. v. Silva CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO MENDONCA SILVA,<br><br>    Defendant and Appellant. | H042164<br>(Santa Clara County<br>Super. Ct. No. C1116443) |

Defendant Antonio Mendonca Silva appeals from a resentencing order pursuant to Proposition 47 in which the trial court denied his request to apply excess custody credits for time served against his outstanding fines.  Defendant contends the trial court erred in finding that he had time remaining on two other sentences, imposed concurrently with the sentence under review.  The People agree that defendant did not have time remaining on those two matters, and thus concede the trial court erred in denying defendant's request to apply excess custody credits against his fines.

We agree the concession is appropriate.  We therefore will modify the resentencing order to apply defendant's credits for time served to defendant's outstanding fines, satisfying in full the amount due for the fines.  We will affirm the trial court's order as modified.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Defendant pleaded guilty in October 2011, case No. C1116443, to one count of felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a), count 1)

and one count of misdemeanor methamphetamine use (Health & Saf. Code, § 11550, subd. (a), count 2), with three prior convictions for misdemeanor controlled substance use and two prior prison terms. The trial court suspended imposition of sentence and placed defendant on formal probation for two years.

Defendant admitted to violating the terms of his probation, resulting in his September 27, 2013 sentencing in three cases: (1) case No. C1350530 for misdemeanor violation of Health and Safety Code section 11377, subdivision (a); (2) case No. C1229127 for a probation violation resulting from that misdemeanor; and (3) case No. C1116443 for a probation violation in the case from 2011.

As to case No. C1350530, the trial court accepted defendant's plea of no contest and sentenced him to 466 days in county jail. The trial court deemed that sentence served and ordered defendant "released from custody forthwith." As to case No. C1229127, the trial court reinstated and terminated probation, ordering "[n]o additional punishment" based on the sentence to be imposed in case No. C1116443. The court again ordered that defendant be "released from custody forthwith." As to those two cases, the trial court noted they were "done . . . never to rise again."

As to case No. C1116443—the subject of this appeal—the trial court denied probation and ordered defendant to a five year prison sentence on count 1, and to a six month concurrent sentence on count 2, which the court deemed served. The trial court found that defendant had a total of 744 custody credits.

On January 23, 2015, defendant filed a petition to have his felony conviction in case No. C1116443 resentenced as a misdemeanor pursuant to Penal Code section 1170.18 (Proposition 47). The trial court granted the petition, and recalled and modified the sentence on count 1 to one year in county jail, with a total of 744 credits for time served. The trial court deemed the sentence served and ordered $589.75 in fines. The trial court denied defendant's counsel's request to apply the excess credits to the fines, explaining: "I won't . . . because the excess credit for time served are also

2

attributable to two violations of probation that were sentenced along with this offense for which he has substantial time remaining . . . ."

## II. DISCUSSION

Penal Code section 2900.5, subdivision (a) provides that in felony and misdemeanor convictions, all days of custody credited to the period of confinement shall be credited to the term of imprisonment, or to any fine. At the time of defendant's Proposition 47 resentencing hearing in February 2015, excess credits applied to outstanding fines at a rate of not less than $30 per day. (Pen. Code, § 2900.5, subd. (a), prior to amendment by Stats. 2015, ch. 209, § 2.)[1]

Both sides agree that the trial court erred in finding the defendant had "substantial time remaining" on his sentences for probation violations in case Nos. C1229127 and C1350530. The transcript of the September 27, 2013 hearing reflects the trial court's rulings on those cases. As to each, the trial court deemed the sentences served and those cases "done." Because there was no time remaining on either of the cases, we agree that any custody credits for defendant's time served should have applied to his outstanding fines. "[W]here the court has imposed both a prison or jail term of imprisonment and a fine, any days to be credited to the defendant shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine . . . ." (Pen. Code, § 2900.5, subd. (a).)

The parties also agree that as of the date of defendant's original, five-year sentence beginning September 27, 2013, defendant had 744 days of credit. At the resentencing hearing on February 17, 2015, defendant was sentenced to one year in county jail, which sentence was deemed served because defendant had already spent over a year in jail under the original sentence. Defendant contends that in addition to the 744 days of credit

---

[1] Effective January 1, 2016, the rate for application of excess custody credit to fines has increased to not less than $125 per day. (Pen. Code, § 2900.5, subd. (a), as amended by Stats. 2015, ch. 209, § 2.)

3

as of his initial sentencing, defendant served an additional 509 days from the date of his sentencing through the date of the resentencing hearing, which pursuant to Penal Code section 4019 entitled defendant to an additional 1,018 days of credit, to be added to the 744 days. The People respond that it is not necessary to decide whether defendant earned custody credits for time served after his initial sentence in September 2013, because the 744 days of credits already far exceeds the 20 days he needed to pay off his outstanding fines of $589.75 at the rate of $30 per day.

We find the concession is appropriate because the record establishes there was no time remaining on defendant's other sentences imposed on September 27, 2013, in case Nos. C1229127 and C1350530. The record also establishes that defendant had accrued a total of 744 days of credits for time served as of September 27, 2013. At the then-applicable rate of at least $30 per day, the 744 days of credits were adequate to satisfy defendant's outstanding fines of $589.75. We therefore do not reach the question of whether defendant earned additional custody credits earned for time served between the September 2013 and February 2015 sentencing hearings.

## III. DISPOSITION

The order granting defendant's petition is modified to apply defendant's credits for time served to defendant's outstanding fines of $589.75, satisfying in full the amount due for the fines. The modified order is affirmed.

4

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Márquez, J.

People v. Silva
H042164